**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Freddie Luster and Anthony Robinson, | : : : |
| Plaintiffs, | : : CIVIL ACTION NO. |
| v. | : 1:09-cv-01946-JOF-ECS : |
| Lockheed Martin Corporation, | : : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the court on Plaintiffs' Response to Show Cause Order [24]. Plaintiffs Freddie Luster and Anthony Robinson filed their complaint against Defendant Lockheed Martin Corporation on July 17, 2009, alleging race discrimination in violation of Title VII and discrimination in violation of § 1981. On October 1, 2009, this court entered a minute order directing Plaintiffs to show cause for why they should be joined in the present action. Plaintiffs filed their response on October 30, 2009.

Plaintiffs first argue that permissive joinder is allowed under Fed. R. Civ. P. because Plaintiffs' claims arise from the same "series of transactions or occurrences." Plaintiffs also argue that Plaintiffs' race discrimination claims arise from a common factual basis, and therefore, there will be common question of law and fact. Both Plaintiffs were investigated

by Defendant during an internal investigation regarding possible employee violations of Defendant's email policies. Both Plaintiffs were allegedly terminated on the same day, for "violations of Defendant's policies, including but not limited to, violations of Defendant's e-mail policies." D.E. [5]. Plaintiffs are also both alleging that they were punished more severely than similarly-situated white employees. Plaintiffs argue that their claims involve common witnesses, common documentary testimony, and will be based on the same legal principles.

Federal Rule of Civil Procedure 21 states, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." This rule gives the court great discretion in restructuring an action to promote the efficient administration of justice and may apply or not apply for reasons other than misjoinder or non-joinder, including judicial efficiency. *See, e.g., Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). In determining whether parties are properly joined, the court is guided by Fed. R. Civ. P. 20(a). Under Rule 20 (a), to properly join Plaintiffs' cases, two requirements must be met. First, there must be a right of relief arising out of the same transaction, occurrence, or series of transactions or occurrences. In addition, a question of law or fact common to all of the plaintiffs must arise in the action. *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 787 (N.D. Ga. 1994) (Carnes, J.). These standards should

AO 72A
(Rev.8/82)

be interpreted in light of the goal of Rule 20, which is to promote trial convenience and judicial efficiency.

The court finds that purposes of Rule 20(a) will not be promoted by allowing joinder in the present case. Litigation of Defendant's actions, as it might affect each Plaintiff here, would inevitably focus in detail on the separate work histories, alleged violations of Defendant's email policy, and the circumstances surrounding the firing of each individual Plaintiff. Each Plaintiffs' firing was a discrete act by Defendant. Moreover, Plaintiffs' claims for and proof of damages, including compensatory damages for pain and suffering, will be different, as will Defendant's defenses and proffered reasons for firing each Plaintiff. While the court recognizes the existence of a basic allegation of discriminatory conduct that is common to each of Plaintiffs' claim, this fact alone is insufficient to warrant the joinder of parties.

Accordingly, the court concludes that these Plaintiffs are improperly joined in this single action and that this action may proceed with only one Plaintiff. The other Plaintiff will be dismissed from this action without prejudice to refile his claims as an individual case. Within thirty (30) days of the date of this order, Plaintiffs are DIRECTED to designate one among them to proceed in this action by filing an amended complaint in the name of that designated Plaintiff.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 1st day of December 2009.


                                                        /s  J. Owen Forrester
                                                        J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)