IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Freddie Luster, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| Lockheed Martin Corporation, | : | 1:09-cv-01946-JOF-ECS |
| Defendant. | : | |

## ORDER

This matter is before the court on Plaintiff's Motion for Reconsideration [204].

**I.   Background**

    **A.   Procedural History**

Plaintiff, Freddie Luster, filed suit against Defendant, Lockheed Martin Corporation, on July 17, 2009, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. After a protracted discovery period, Defendant moved for summary judgment. On August 24, 2012, Magistrate Judge E. Clayton Scofield, III issued his Report and Recommendation recommending that this court deny Defendant's motion for summary judgment in its entirety. The court adopted the Magistrate Judge's recommendation on Plaintiff's race discrimination claim, but rejected it as to Plaintiff's request for punitive damages. Plaintiff now asks the court to reconsider its ruling on his punitive damages claim.

AO 72A
(Rev.8/82)

### B.     Facts and Previous Order

Luster was a black supervisor at Lockheed Martin. In 2006, Lockheed conducted an investigation into a number of employees' computer usage, and discovered many inappropriate emails that had been sent among the employees. These emails contained sexually explicit and racially insensitive material. As a result of the investigation, Lockheed terminated Luster's employment. Luster alleges that Lockheed terminated him so that it could use him as a comparator in another lawsuit it was involved in, and that Lockheed treated him worse than a similarly situated white supervisor.

The court denied summary judgment, finding that Luster has identified a similarly situated white supervisor guilty of arguably worse misconduct who received lesser discipline. The court also found that the disparate treatment of the white supervisor casts doubt upon Lockheed's articulated reason for Luster's termination, and thus Luster has come forward with sufficient evidence demonstrating pretext.

The court granted Lockheed's motion for summary judgment on Luster's punitive damages claim, however. The court held that the only alleged bad actor in this case, Calvin Bryant, was not high enough up in Lockheed's corporate hierarchy such that his actions should be imputed to the corporation. The court based its holding on Lockheed's immense size and the fact that Bryant was only a Senior Human Resources Manager at the Marietta location of Lockheed's Aeronautics Company Division. Indeed, Bryant was not even the

most senior human resources official in Marietta. "He was, at best, the second-most senior human resources official at one of the three main facilities within Lockheed's Aeronautics Company Division, which is just one of Lockheed's four core business areas." Order, dated Sept. 27, 2012, at 26. The court continued: "Bryant was thus several steps removed from the principal corporate decision makers at Lockheed." *Id.*

## II. Discussion

Local Rule 7.2E provides that the court "does not reconsider its orders as a matter of routine practice," and directs parties to file motions for reconsideration only if "absolutely necessary." A motion for reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *Preserve Endangered Areas v. United States Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Luster moves this court to reconsider its ruling in order to correct clear errors of fact and law. Luster first argues this court should not have considered Lockheed's "not-high-enough-up-the-ladder" argument because it was not raised by Lockheed in its summary judgment briefs and was not presented to the magistrate for review. The court, however, retains discretion to consider new arguments raised by parties in their objections, see *United*

3

*States v. Franklin*, 694 F.3d 1, 6 (11th Cir. 2012), and did so in this instance in the interest of judicial economy.

Luster next argues that Lockheed, and by extension this court, erred by ignoring the fact that Bryant was not acting in his capacity as Senior Human Resources Manager when he decided to terminate Luster. Rather, Bryant's decision was made in his capacity as chair of Lockheed's Marietta facility's Disciplinary Review Committee, which Lockheed vested with the authority to investigate disciplinary matters and issue disciplinary actions against its employees at that particular plant. Luster asserts that as chair of the committee, Bryant reported directly to Thomas Heiserman, Lockheed's Vice President of Human Resources, who reviewed and had responsibility for accepting or rejecting the committee's recommendations on employment decisions. Heiserman, in turn, reported to Ralph Heath, Executive Vice President of Lockheed's Aeronautics Division. Luster argues that, as chair of the Disciplinary Review Committee, Bryant was high enough up the corporate hierarchy at Lockheed Martin such that his actions should be imputed to the corporation for purposes of punitive damages.

The court disagrees. Even as chair of the Disciplinary Review Committee for Lockheed's Marietta plant, Bryant was not high enough up the corporate hierarchy such that Lockheed can be held liable for punitive damages. Bryant was not in a policy-making position; rather, he was chair of an ad-hoc committee empaneled to investigate alleged

4

AO 72A
(Rev.8/82)

violations of Lockheed's email policy. Neither Bryant nor the committee had authority to make the actual termination decisions. The committee merely made recommendations, which Heiserman accepted or rejected. Thus, Bryant's alleged discriminatory behavior in no way reflected the will or intent of the corporation. He remained a human resources official at one of Lockheed's three main plants within one of its four core business areas. Luster has failed to demonstrate that the court committed clear errors of fact or law in its previous order, and therefore the court denies his motion for reconsideration.[1]

Alternatively, Luster asks this court to grant a certificate of immediate review pursuant to 12 U.S.C. § 1292. A district court may only certify an issue for immediate review where (1) there is a controlling question of law; (2) a substantial ground for difference of opinion exists on that question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004). Appeals from interlocutory orders should "be used only in exceptional cases where a decision of appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.* at 1256 (internal quotations and citations omitted).

---

[1] The court notes that the same arguments concerning punitive damages were also rejected by Judge Steve Jones in a related case involving Bryant's decision to terminate another Lockheed employee. *See Robinson v. Lockheed Martin Corp.*, No. 1:10-cv-2122-SCJ-ECS, ECF No. 108 (N.D. Ga. Sept. 28, 2012).

The court does not find that its ruling on Luster's punitive damages satisfies the prerequisites for immediate review under 12 U.S.C. § 1292. The question is certainly not dispositive of the litigation; indeed, the issue of punitive damages may never come to fruition, if a jury decides that Lockheed did not discriminate against Luster. Furthermore, this is not an issue of first impression or a particularly difficult one. The court also does not find that immediate review will materially advance the ultimate termination of the litigation. Accordingly, the court denies Luster's request for immediate review.

### III.  Conclusion

For the foregoing reasons, the court DENIES Plaintiff's Motion for Reconsideration [204].

**IT IS SO ORDERED** this 16th day of April, 2013.

 S/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)